UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

WARREN GOLDEN

                              Plaintiff,                                    **COMPLAINT**

                -against-                                             *Jury Trial is Demanded*

CITY OF NEW YORK; SHAUN TANNER (in
a professional and individual capacity);
ALVIN L. BRAGG, JR. (in a professional
and individual capacity); NICHOLAS VIORST
(in a professional and individual capacity); and
JANA LOEB (in a professional and individual
capacity);

                              Defendants.

-----------------------------------------------------------------------X

        Plaintiff, WARREN GOLDEN by and through his attorney, Jacob Z. Weinstein,

Esq., providing upon information and belief the following Complaint and state and allege as

follows:

## PRELIMINARY STATEMENT

        1.      This is a civil action seeking monetary relief, a declaratory judgment,

compensatory and punitive damages, disbursements, costs and fees for violations of Plaintiff's

rights including: abuse of process, false arrest, malicious prosecution, and gross negligence,

brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the United States

Constitution, and the laws of the State of New York.

        2.      Specifically, Plaintiff alleges Defendants (collectively and individually) did

detain Plaintiff without probable cause, falsely arrested Plaintiff, and were instrumental in the

malicious prosecution of Plaintiff, for a crime he did not commit. Defendants conduct resulted in significant and lasting harm to Plaintiff.

3.      Plaintiff alleges that the Defendants (collectively and individually) negligently, wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive Plaintiff of his Constitutional rights, pursuant to the above-mentioned statutes and causes of action by committing acts under color of law and depriving the Plaintiff of rights secured by the United States Constitution, Federal law and laws of the State of New York.

4.      Plaintiff alleges that Defendants (collectively and individually), their agents, employees and servants unlawfully and under color of law harassed, falsely arrested, and maliciously prosecuted Plaintiff.

5.      Defendants (collectively and individually) were grossly negligent and/or intentionally and recklessly breached their duties of care and duties to intervene with respect to the interactions with and treatment of Plaintiff as described herein.

6.      Plaintiff further alleges Defendant City of New York was negligent in training, hiring, and supervising its employees, representatives, and/or agents. Further, Plaintiff alleges that the City of New York was deliberately indifferent to the need to ensure the proper training of its officers and employees. Accordingly, Defendants are liable to the Plaintiff for abuse of process, false arrest, and malicious prosecution, for conspiring to condone and encourage such civil rights violations and for maliciously failing to investigate and punish the actions of the Individual Defendants.

7.      As a result of the Defendants' actions (collectively and individually), Plaintiff suffered a violation of their constitutionally protected rights that caused significant and lasting harm.

## JURISDICTION AND VENUE

8.      This action is being brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

9.      The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

10.     This court is requested to exercise supplemental jurisdiction with respect to Plaintiffs' State Law claims pursuant to 28 U.S.C. § 1367.

11.     Venue in the Southern District of New York is proper under 28 U.S.C. § 1391, based on Plaintiff's location of residence and the events alleged to have occurred herein are within the confines of the Southern District of New York.

## COMPLIANCE WITH NEW YORK'S GENERAL MUNICIPAL LAW

12.     On June 18, 2024, Plaintiff served a Notice of Claim upon the City of New York, which timely preserved WARREN GOLDEN's claims for the non-federal claims contained within this Complaint.

13.     More than 30 days have elapsed since PLAINTIFF served said Notice of Claim.

## PARTIES

14.     Plaintiff, WARREN GOLDEN (hereinafter "PLAINTIFF" or "GOLDEN"), is a police officer, employed by the New York City Police Department (hereinafter "NYPD") and a resident of Westchester County, New York State.

15.     Defendant CITY OF NEW YORK (hereinafter "NEW YORK CITY" or "DEFENDANT CITY") is a duly constituted municipal corporation of the State of New York. Upon information and belief, NEW YORK CITY formed and has direct authority over several different departments including the New York City Police Department (hereinafter "NYPD") and

the New York County District Attorney's Office (hereinafter the "DA's Office"). The aforementioned department and/or employees, agents, or representatives of these departments are directly involved in violations that are at issue in this complaint.

16.     Defendant SHAUN TANNER (hereinafter "DEFENDANT TANNER" or TANNER") was, at all relevant times herein, a lieutenant within the NYPD's Internal Affairs BUREAU ("IAB").

17.     Defendant ALVIN L. BRAGG, JR (hereinafter "DEFENDANT BRAGG" or "BRAGG") at all relevant times herein was the District Attorney of New York County.

18.     Defendant NICHOLAS VIORST (hereinafter "DEFENDANT VORST" or "VIORST"); is an assistant district attorney, and chief of the Police Accountability Unit (hereinafter the "PAU"), within the New York County District Attorney's Office. VIORST reports directly to BRAGG, with no other level between the two. VIORST is employed at the pleasure of BRAGG.

19.     Defendant JANA LOEB (hereinafter "DEFENDANT LOEB" or "LOEB") is an assistant district attorney under the direct supervision of VIORST and BRAGG within the PAU. LOEB is employed at the pleasure of BRAGG.

20.     Defendants TANNER, BRAGG, VIORST, and LOEB are hereinafter collectively referred to as the INDIVIDUAL DEFENDANTS.

21.     The INDIVIDUAL DEFENDANTS and DEFENDANT CITY are hereinafter collectively referred to as the DEFENDANTS.

22.     The INDIVIDUAL DEFENDANTS are being sued in their individual and official capacities.

23.    At all relevant times herein, INDIVIDUAL DEFENDANTS were acting under color of New York State and Federal law.

**<u>FACTUAL ALLEGATIONS</u>**

24.    On September 3, 2022, PLAINTIFF, then a detective working for the NYPD, was on plain-clothes assignment at the Electric Zoo music festival on Randal Island.

25.    During this assignment two other members of the NYPD engaged in improper taking of champaign bottles.

26.    GOLDEN, using his on-the-scene judgment, did not, at any point, engage or encourage the conduct of these other officers, until he was in a safe location to do so, in which PLAINTIFF was able to encourage and facilitate the return of the taken items.

27.    Thereafter, DEFENDANT TANNER was then assigned to conduct the investigation into thee event conduct.

28.    TANNER, working in his capacity as an investigator for IAB, worked hand-in-hand with the PAU to initiate the prosecution against GOLDEN.

29.    TANNER, regularly communicated and encouraged the INDIVIDUAL DEFENDANTS, specifically LOEB, to prosecute and charge GOLDEN with a criminal act.

30.    Upon information and belief, TANNER's involvement, encouraging the prosecution against GOLDEN, included obtaining material for the grand jury, post-indictment consulting with LOEB, and continuous encouragement for a criminal matter to continue against GOLDEN.

31.    TANNER went above-and-beyond his duties as an investigator for the NYPD, providing advice and encouragement, and entered into ancillary and forensic aspects of motive, culpability, and the veracity of GOLDEN.

32.     Upon information and belief, DEFENDANT actions against PLAINTIFF were directly reviewed, approved, and initiated by BRAGG and VORST and carried out with by LOEB.

33.     Upon information and belief, BRAGG and VORST directed and reviewed LOEB's recommendations and opinions, given to them before the PLAINTIFF's inditement, and actively approved and directed the prosecution of GOLDEN.

34.     Upon information and belief, BRAGG, specifically and directly oversees, the actions and conduct of the PAU, to the extent that he is personally involved in the decision-making process and direction of the PAU, relevant to this case.

35.     Upon information and belief, VORST, the chief of the PAU, reports directly to BRAGG, and jointly oversees and directs the PAU at the behest of BRAGG to the extent that he is personally involved in the decision-making process relevant to this case.

36.     Upon information and belief, LOEB wrote an internal memorandum related to the possible indictment of PLAINTIFF, which was personally reviewed and approved by both VORST and BRAGG.

37.     The INDIVIDUAL DEFENDANTS were each integrally and directly involved in the civil rights violations against PLAINTIFF.

38.     On or about and between May 2, 2023 and/or May 3, 2023 GOLDEN was indicted by DEFENDANTS, for simply and literally being present near others who had allegedly committed a crime involving the stealing of champaign bottles.

39.     GOLDEN was **not** charged for any action in association with others relating to the champaign bottles, or for acting in concert with others relating to the champaign bottles. Rather PLAINTIFF was charged with P.L. 195.00(2), Official Misconduct for an alleged failure

to act.  P.L. 195.00(2) has significant case law and a clear double *means rea* requirement in which the DEFENDANTS entirely ignored.

40.     This is one of those examples that evince the DEFENDANTS ability to bring a successful indictment against a ham sandwich.

41.     The relevant portion of PL 195.00(2) states:

A public servant is guilty of official misconduct when, with intent to obtain a benefit or deprive another person of a benefit: 2.   He knowingly refrains from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office.

42.     Upon information and belief, there was never any evidence which amounted to Official Misconduct, rather, GOLDEN was merely present at the location and in proximity with others who were alleged to have commit a crime.

43.     DEFENDANTS ignored the language, substance, and intent of the statute, instead inexplicably proceeded to wrongfully prosecute GOLDEN, staining his reputation and causing him great harm.

44.     Upon information and belief, the DEFENDANTS' allowed a witness testifying before the Grand Jury to commit perjury in their fevered pursuit of charging Plaintiff.

45.     Upon information and belief, the DEFENDANTS assumed PLAINTIFF's guilt, believing that if GOLDEN did not discuss the matter with DEFENDANTS, then GOLDEN must be guilty.  This is the very opposite of the roles and responsibilities a prosecutor has.

46.     DEFENDANTS sought headlines and discarded justice.

47.     Thereafter, on May 15, 2023, GOLDEN was arrested and arraigned under the singular charge of Official Misconduct.

**The DA's Press Release**

48.     Yet, upon information and belief, and at the behest, direction and input of each of the INDIVIDUAL DEFENDANTS, who were acting with malice, publicized and published the matter as if GOLDEN had actually stolen items.  This publication was is in the form of a press release, which is still accessible to this date is, linked here:

https://manhattanda.org/d-a-bragg-announces-indictments-of-nypd-detectives-for-stealing-champagne-bottles-while-working-at-electric-zoo-music-festival/#:~:text=Manhattan%20District%20Attorney%20Alvin%20L,the%20Electric%20Zoo%20Music%20Festival.

49.     The opening two lines, viewable from nearly every internet search engine in the world, maliciously and falsely states:

> Manhattan District Attorney Alvin L. Bragg, Jr., today announced the indictments of NYPD detectives JONATHAN GONZALEZ, 33, WOJCIECH CZECH, 44, and WARREN GOLDEN, 31, for their roles in the theft of expensive champagne from the VIP area of the Electric Zoo Music Festival.

50.     The explicate statement being that GOLDEN had a role in the theft.  This was patently untrue, and at no time was GOLDEN ever charged with have had a role in the theft.

51.     This harmful and knowingly malicious statement still haunts GOLDEN to this day, as anyone who searches his name will wrongly be led to believe that he was involved in the theft of expensive items, which is plainly not true.

52.     This press release, its content and dissemination, are not part of a prosecutor's role as advocate.

53.     The google.com search results for PLAINTIFF evince the long-reaching effects of DEFENDANTS malicious public statements:



54.    As a direct and proximate cause of DEFENDANTS' press release, PLAINTIFF's is directly and visibly falsely associated with stealing. Below are news articles and images of GOLDEN, parroting the malicious press release.

THE_3OBS
**Posts**

‹   **Follow**



EX-NYPD DETECTIVES INDICTED FOR STEALING NEARLY $3K IN BOOZE FROM VIPS AT ELECTRIC ZOO MUSIC FESTIVAL



**1,861 likes**

**the_3obs** Three ex-NYPD detectives have been indicted for their alleged roles in the theft of just under $3,000 in pricey champagne from VIP guests at the Electric Zoo music festival, Manhattan prosecutors announced Monday



# Electric Zoo music festival

By Priscilla DeGregory and Craig McCarthy

May 15, 2023 | 6:50pm



NYPD detectives Warren Golden, Wojciech Czech indicted for stealing $3K in booze at Electric Zoo

Three ex-NYPD detectives have been indicted for their alleged roles in the theft of just unde &times;

55. DEFENDANTS have not issued a retraction, clarification, or adjustment of the press release, nor have they issued a press release regarding the dismissal of the charges against PLAINTIFF.

56. Upon information and belief, DEFENDANTS intent in issuing the above-mentioned press release was to harm GOLDEN both socially and economically, in an attempt to

ensure he would not be hirable in any capacity as, or similar to, his chosen profession: a police officer.

57.    After being arrested and arraigned, PLAINTIFF was suspended without pay from the NYPD for thirty-days, and, in an extraordinary measure by the NYPD, was then suspended with pay.

58.    To date, though PLAINTIFF's criminal matter resulted in a total dismissal, the NYPD still wrongfully has PLAINTIFF under suspension.

59.    This active suspension, which is directly associated with the improper criminal case against PLAINTIFF, prevents GOLDEN from any advancement within the NYPD, including, but not limited to, obtaining the rank of Sergeant, of which he was eligible.

60.    Throughout the unjust prosecution of PLAINTIFF, LOEB repeatedly made it clear that the DEFENDANTS goal was to ensure that PLAINTIFF would no longer be a police officer within the NYPD and would not ever work as a police officer anywhere else.

**Criminal Case Dismissed**

61.    On May 9, 2024, the DEFENDANTS, moved to dismiss the inditement against PLAINTIFF, resulting in the favorable termination of the criminal proceedings against GOLDEN.

62.    DEFENDANT LOEB admitted that PLAINTIFF should never have been indicted.

63.    This would all have been avoidable has DEFENDANTS followed and properly applied the law, instead of attempting to apply guilt by association and guilty until proven innocent tactics.

64.     For nearly a year, PLAINTIFF suffered under the threat of termination from the NYPD due to DEFENDANTS actions, and the constant embarrassment of having to fight a criminal proceeding in which he was absolutely innocent.

65.     To-date, GOLDEN still must explain the process to all who inquire, especially as the on-line presence of the maliciously false statement about PLAINTIFF still exist.

66.     PLAINTIFF has suffered stress and strain, reputational damage, and loss of economic opportunity.

67.     Such malicious prosecution, gross negligence, abuse of process, and false arrest, resulting in damages, and embarrassment all of which resulted directly from the actions of the DEFENDANTS' actions under color of law and abuse of criminal process against PLAINTIFF.

## AS AND FOR A FIRST COUNT,
### 42 U.S.C. § 1983
(False Arrest Against All Defendants)

68.     PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 67 of this Complaint with the same force and effect as if fully set forth herein.

69.     Under color of law, the DEFENDANTS, their agents, employees and servants deprived PLAINTIFFS of their Fourth, and Fourteenth Amendment rights to protection from unlawful seizure in the form of unlawful and wrongful arrest.

70.     Any one of the DEFENDANTS could have prevented a continuation of the wrongs propagated against PLAINTIFF.

71.     At no point did the INDIVIDUAL DEFENDANTS come forward or try to correct the wrongs and civil rights abuses that PLAINTIFFS was subject to.

72.     At no point did the INDIVIDUAL DEFENDANTS follow their sworn duty to protect the public from police abuse.

73.     DEFENDANTS knew they did not have probable cause to arrest or detain PLAINTIFF, yet did so anyway.

74.     As a direct consequence of the DEFENDANTS, collectively and individually, unconstitutional actions, grossly negligent behavior, and violation of State and Federal laws, PLAINTIFF was deprived of their freedom; was subject to harm; and was subjected to great fear, terror, personal humiliation and degradation; and continues to suffer distress as a result of the aforesaid unlawful conduct of DEFENDANTS, their agents, employees, and servants.

75.     The DEFENDANTS, their agents, employees and servants acted under color of law to deny PLAINTIFF his constitutional rights to due process and freedom from unlawful seizures in the form and false arrest and unlawful imprisonment.

76.     Without any reasonable or rational basis for this conduct, the rights secured to PLAINTIFF by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution were violated.

77.     Due to the above actions and unlawful conduct, PLAINTIFF has suffered significant harm.

78.     The by reason of the foregoing, PLAINTIFF has been damaged.

## AS AND FOR A SECOND COUNT,
### 42 U.S.C. § 1983
(Malicious Prosecution Against All Defendants)

79.     PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 78 of this Complaint with the same force and effect as if fully set forth herein.

80.    Under color of law, the DEFENDANTS, their agents, employees and servants deprived the PLAINTIFF of his Fourth and Fourteenth Amendment rights to protection from unlawful seizure in the form of malicious prosecution.

81.    PLAINTIFF's due process was further violated when the INDIVIDUAL DEFENDANTS affirmatively caused the arrest of PLAINTIFF, knowing such an arrest had no basis in probable cause and continued in the wrongful conduct by processing and prosecuting PLAINTIFF.

82.    Any one of the INDIVIDUAL DEFENDANTS could have prevented a continuation of the wrongs propagated against PLAINTIFF.

83.    The DEFENDANTS allowed for and encouraged the abuse of process on PLAINTIFF.

84.    For nearly a year DEFENDANT did not come forward or try to correct the wrongs and civil rights abuses that PLAINTIFF was subject to.

85.    To date, the DEFENDANS continue to allow the false on-going publication on the New York County District Attorney's website, which indicates GOLDEN was involved in the stealing of champaign bottles.

86.    Upon information and belief, DEFENDANTS' actions and narrative supported and propelled prosecution actions against PLAINTIFF.

87.    The prosecution of GOLDEN resulted in a favorable outcome for him, in that it was entirely dismissed.

88.    As a direct consequence of the DEFENDANTS, collectively and individually, unconstitutional actions, grossly negligent behavior, and violation of State and Federal laws, PLAINTIFF was deprived of his freedom; was subject to great economic and

emotional harm; and was subjected to great fear, terror, personal humiliation and degradation; and continues to suffer economic distress as a result of the aforesaid unlawful conduct of DEFENDANTS, their agents, employees, and servants.

89.     The DEFENDANTS, their agents, employees and servants acted under color of law to deny PLAINTIFF his constitutional rights to due process and freedom from unlawful seizures in the form of malicious prosecution.

90.     Without any reasonable or rational basis for this conduct, the rights secured to PLAINTIFF by the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution were violated.

91.     Due to the above actions and unlawful conduct, PLAINTIFF has suffered significant economic and emotional harm.

92.     The by reason of the foregoing, PLAINTIFF has been damaged

### AND AS FOR A THIRD COUNT
### 42 U.S.C. § 1983
(Municipal Liability)

93.     PLAINTIFF repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 92 of this Complaint with the same force and effect as if fully set forth herein.

94.     In actively inflicting and failing to prevent the above state abuses incurred upon PLAINTIFF of abuse of process, false arrest, and malicious prosecution DEFENDANTS evidenced a disregard to proper training of its office holders and gross negligence.

95.     The DEFENDANTS acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of PLAINTIFF against illegal seizure in the form of false arrest and malicious prosecution.

96.    Said civil and constitutional rights are guaranteed to PLAINTIFF by 42 U.S.C. §§ 1983, 1985, and by the Fourth, Fifth, Sixth, and Fourteenth Amendment of the United States Constitution.

97.    NEW YORK CITY has failed to abide by its own Charter.

98.    NEW YORK CITY exhibited gross negligence and deliberate indifference to PLAINTIFF by allowing the INDIVIDUAL DEFENDANTS to unchecked and unfettered enforcement power, to be exercised over the NYPD as the INDIVIDUAL DEFENDANTS agents, effectively abdicating NEW YORK CITY's responsibility to ensure the NYPD does not engage in civil rights violations as enumerated herein.

99.    This gross negligence directly resulted in the appalling wrongs done unto PLAINTIFF by the INDIVIDUAL DEFENDANTS.

100.    Further, abuse of process continued by NEW YORK CITY for their refusal to properly investigate or act on the charges of abuse and gross negligence against the INDIVIDUAL DEFENDANTS (collectively and individually).

101.    Such abuse of process was continued by the DEFENDANTS, their agents, servants, and employees in their refusal to adequately investigate, review and act regarding the abuse and unlawful actions that INDIVIDUAL DEFENDANTS perpetrated on PLAINTIFF.

102.    Both before and after the relevant time periods in this Complaint, NEW YORK CITY has permitted, tolerated, and encouraged a pattern and practice of unjustified, unreasonable illegal abuses, arrest, and prosecution without a check-and-balance to the local district attorney's directives, this results in inequitable enforcement and treatment throughout the City of New York.

103.    NEW YORK CITY, by policy and conduct has entirely abdicated its oversight the District Attorney's Office resulting in repeated wrongful convictions, and malicious prosecutions that span years, and decades.

104.    Said charges and official claims have been fully backed by NEW YORK CITY, which has repeatedly and unreasonably sided with the abuse of persons so affected in far too many cases, despite evidence of wrongdoing by its prosecutors against individuals, including PLAINTIFF herein.

105.    Additionally, NEW YORK CITY has systematically failed to identify the improper abuse, misuse, violative acts and wrongdoing by prosecutors and officials, while further failing to subject such persons to discipline, closer supervision, or restraint.

106.    Upon information and belief, specific systemic flaws in the NEW YORK CITY misconduct review process include, but are not limited to, the following:

i.    Systemic failure to oversee and review the conduct of the NYPD and its internal affairs units and officers.

ii.    Systemic failure to oversee and review the conduct of the DA's Office relating to the DA's Office instructing the NYPD to make arrests;

iii.    A culture of blind obedience to the local district attorney's office by the NYPD resulting in a quid-pro-quo environment.

iv.    NEW YORK CITY and its police department hastily accepts the DA's Offices reports and recommendations despite evidence to suggest that the reports are inaccurate, untruthful and meant to conceal blatant misconduct.

v.    A failure of BRAGG, acting as administrator and municipal policymaker of the New York County District Attorney's

Office to properly train and supervise employees to prosecute cases in accordance with what the evidence shows and a statute state.

    vi.        BRAGG, as administrator and municipal policymaker of the New York County District Attorney's Office set a policy of refusing to look at the law and evidence, rather seeking to make headlines and obtain publicity over the pursuit of justice.

    vii.        BRAGG's policies and trainings result in on-going and unlawful prosecutions with no consequences or internal procedure to address such conduct.

107.    Said actions and non-actions by the NEW YORK CITY, both inclusive and exclusive of BRAGG, were executed in this case where NEW YORK CITY, its agents, employees and servants failed to sufficiently investigate the truthfulness and accuracy of the allegation against GOLDEN, due to policies established and encouraged by BRAGG, and instead acted under color of statue to knowingly, recklessly and/or negligently to aid in the imposition of false charges upon PLAINTIFF.

108.    By permitting and assisting such a pattern of misconduct by BRAGG, NEW YORK CITY, acted under color of custom and policy to condone, encourage and promote the deprivation of PLAINTIFF's Fourth and Fourteenth Amendment rights.

109.    The actions of the INDIVIDUAL DEFENDANTS in inflicting abuse of process, false arrest, and continued wrongs against PLAINTIFF was a direct result of NEW YORK CITY'S failure to supervise the INDIVIDUAL DEFENDANTS, who were each acting under color of law and pursuant to the objectives of NEW YORK CITY.

110.    NEW YORK CITY should have known that such failures and gross negligence would cause the precise economic, emotional, and civil rights injuries suffered herein in by PLAINTIFF.

111.    As a direct consequence of the NEW YORK CITY'S systemic practice, pattern, and custom of intentionally or recklessly promoting and supporting officers' and officials' violations of 42 U.S.C. § 1983, PLAINTIFF was deprived of his freedom and subject to extensive harm.

112.    As a proximate cause of NEW YORK CITY, its agents, and employees, supporting and effectively promoting the very same police abuses which occurred against PLAINTIFF, GOLDEN was subjected to great fear, personal humiliation and degradation, with wanton disregard for the harm and damage done to the economic and emotional wellbeing of the PLAINTIFF.

113.    That by reason of the foregoing, PLAINTIFF has been damaged.

**AS AND FOR THE SEVENTH CAUSE OF ACTION:**
**COMMON LAW MALICIOUS PROSECUTION**
(Against the Individual Defendants)

114.    The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 113 of this Complaint with the same force and effect as though fully set forth herein.

115.    The INDIVIDUAL DEFENDANTS lacked actual probable cause to cause about PLAINTIFF's arrest; and/or cause PLAINTIFF to be detained and prosecuted.

116.    The subsequent malicious prosecution of PLAINTIFF, following his wrongful arrest, was conducted with knowledge that GOLDEN was not actually guilty of any crime.

117.    DEFENDANTS further supported the false arrest with malicious public statements appearing as if PLAINTIFF has stolen items, which he was never charged with.

118.    Such malicious prosecution was committed by the INDIVIDUAL DEFENDANTS under color of law, customs, and statutes of the State of New York.

119.    Under color of law, the DEFENDANTS deprived PLAINTIFF of his rights to protection from unlawful search and seizure by falsely charging him criminally and prosecuting PLAINTIFF pursuant to such criminal statutes, for which there is no legal evidence or substantiation of any kind to support the allegations.

120.    The accusations of wrongful actions leveled against PLAINTIFF were false.

121.    DEFENDANTS collectively and individually initiated the prosecution of GOLDEN and/or caused the initiation of said prosecution based upon their affirmative bad-faith actions outlined above.

122.    As a direct consequence of the INDIVIDUAL DEFENDANTS wrongful actions, gross negligence, and violations of New York State law PLAINTIFF was deprived of his freedom, was made to suffer economic and emotional injuries, was caused to suffer special damages, including legal fees and costs; was subject to great fear, terror, personal humiliation and degradation.

123.    That by reason of the foregoing, PLAINTIFF has been damaged.

### AS AND FOR THE EIGHTH CAUSE OF ACTION:
### COMMON LAW ABUSE OF PROCESS
(Against all Defendants)

124.    The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 123 of this Complaint with the same force and effect as though fully set forth herein.

125.    DEFENDANTS conduct has resulted in continued and active harm to PLAINTIFF.

126.    DEFENDANTS, intentionally, recklessly, and maliciously filed and/or caused to be field, a false, inaccurate, and misleading criminal complaint and/or indictment regarding PLAINTIFF.

127.    The grand jury indictment was obtained made by the aforementioned DEFENDANTS with knowledge that it was not accurate and that it was not proper.

128.    DEFENDANTS abused the criminal process for their own purpose/motive to follow through on an arrest and prosecution that should never have been made.

129.    DEFENDANTS, with knowledge of the inaccuracy and/or falsity of said actions made by DEFENDANTS without any investigation and/or rudimentary query, based upon facts existing at all time relevant to the Complaint; intentionally, recklessly and maliciously caused to be filed said false, inaccurate, and/or misleading criminal charge, and public statements against PLAINTIFF.

130.    Said prosecution was made by the DEFENDANTS without any concern into its veracity and/or truthfulness.

131.    The subsequent malicious prosecution of PLAINTIFF was done by DEFENDANTS with the knowledge that such acts contained therein were false, misleading, and/or otherwise inaccurate.

132.    DEFENDANTS were motivated to committee these wrongs by self-serving ideas to advance their public image and disregarding subjecting PLAINTIFF to multiple violations of his civil rights.

133.    DEFENDANTS clear intention was to falsely arrest, falsely prosecute and to cause harm to PLAINTIFF without proper motive, excuse, or justification of any kind.

134.    DEFENDANTS use of the criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of PLAINTIFF solely for a purpose that was/is outside the legitimate ends of the criminal process.

135.    As a direct consequence of DEFENDANTS, collective and individual, wrongful actions, grossly negligent behavior, violation of state and federal laws, PLAINTIFF was deprived of his freedom, subject to false criminal arrest, subject to malicious prosecution, made to suffer financial/monetary injuries, subjected to great fear, terror, personal humiliation and degradation, and continues to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the DEFENDANTS.

136.    That by reason of the foregoing, PLAINTIFF has been damaged.

### AS AND FOR THE NINTH CAUSE OF ACTION:
### GROSS NEGLIGENCE
(Against the Individual Defendants)

137.    The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 126 of this Complaint with the same force and effect as though fully set forth herein.

138.    The INDIVIDUAL DEFENDANTS, each of them in their individual and official capacities had a duty under New York State's Constitution and the Constitution of the United States to prevent and cease the wrongful detainment, false arrest, false imprisonment, malicious prosecution, false charging, and other wrongful acts that were committed against PLAINTIFF.

139.    The INDIVIDUAL DEFENDANTS, each of them in their individual and official capacities, and NEW YORK CITY, have a duty to conduct proper investigations with regard to all criminal allegations to assure that such criminal allegations are accurate and truthful.

140.    INDIVIDUAL DEFENDANTS have a duty to prosecute individuals only when there is probable cause to effect and arrest and/or subject a person to said prosecution.

141.    INDIVIDUAL DEFENDANTS failed with respect to all the above-mentioned duties owed to PLAINTIFF.

142.    As a direct and proximate cause of INDIVIDUAL DEFENDANTS' failures, PLAINTIFF was caused to suffer great harm, including but not limited to, physical and economic injury, emotional pain and suffering, legal costs and fees, false arrest, criminal prosecution, confinement, and other injuries/damages all of which were foreseeable and reasonably foreseeable by DEFENDANTS.

143.    PLAINTIFF would not have been cause to suffer any of the above-mentioned injuries but for DEFENDANTS breach of duties and failures.

144.    In actively inflicting and failing to prevent the above stated abuses incurred by PLAINTIFF, DEFENDANTS acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of PLAINTIFF against illegal seizure, arrest, and prosecution.

145.    Said rights are guaranteed to PLAINTIFF by the New York State Constitution and the United States Constitution.

146.    The breach of duty under the New York State Constitution by the INDIVIDUAL DEFENDANTS was a direct and proximate cause of the harm suffered by

PLAINTIFF. Said harm include, pain and suffering, personal humiliation, and emotional and psychological damage.

147.    By reason of the foregoing, PLAINTIFF have been damaged.

## AS AND FOR THE TENTH CAUSE OF ACTION:
## VICARIOUS LIABILITY
(Against New York City)

148.    The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 147 of this Complaint with the same force and effect as though fully set forth herein.

149.    The New York County District Attorney's Office, the District Attorney, and the Assistant District Attorneys are all paid, funded, and organized under the umbrella of NEW YORK CITY.

150.    All of the above-mentioned improper actions taken by the INDIVIDUAL DEFENDANTS were committed while they were acting in furtherance of NEW YORK CITY official business.

151.    All of the above-mentioned improper actions taken by the INDIVIDUAL DEFENDANTS were committed while acting within the scope of their authority and assigned duties as employees, agent, and officer for NEW YORK CITY.

152.    NEW YORK CITY knew and/or should have known that said improper activity and blatant violations of PLAINTIFF's constitutionally secured rights were taking place by its employees while acting within the scope of their assigned duties.

153.    The INDIVIDUAL DEFENDANTS effected a summary arrest on PLAINTIFF with no actual probable cause.

154.    The INDIVIDUAL DEFENDANTS filed and/or caused to be filed, false/perjured statements pertaining to the arrest and prosecution of PLAINTIFF.

155.    The above stated willful, reckless, negligent action taken by the INDIVIDUAL DEFENDANTS against PLAINTIFF, while acting within the scope of their authority was foreseeable and/or should have been reasonably anticipated by NEW YORK CITY.

156.    NEW YORK CITY is responsible and/or liable to PLAINTIFF for each and every above-described acts committed by the INDIVIDUAL DEFENDANTS while acting within the scope of their authority as employee's, agents, and law enforcements officers for THE CITY OF NEW YORK.

157.    As a direct result of DEFENDANTS grossly negligent acts, PLAINTIFF suffered and are entitled to damage sustained to date.

## PUNITIVE DAMAGES

158.    PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs 1through 157 of this Complaint with the same force and effect as though fully set forth herein.

159.    The acts of the DEFENDANTS were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm PLAINTIFF, without regard for PLAINTIFF's wellbeing, and were based on a lack of concern and ill-will towards PLAINTIFF.

160.    Such egregious acts are patiently against the public trust in a matter such as this, and therefore deserve an award of punitive damages.

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS:

    i.    Special and Compensatory Damages;

    ii.    Punitive Damages;

iii.      Award costs of this action including attorney's fees

to the PLAINTIFF; and

iv.      An order granting such other legal and equitable

relief as the court deems just and proper,

## **A JURY TRIAL IS HEREBY DEMANDED.**

Pursuant to Fed. R. Civ. P. 38, PLAINTIFF hereby requests a trial by jury

for all issues so triable.

Dated:      July 29, 2024
            Nassau County, New York

                            Respectfully Submitted,


                            **THE LAW OFFICE OF**
                            **JACOB Z. WEINSTEIN, PLLC**
                            *Attorney for Plaintiff*


                    By:      _____/s_____
                            Jacob Z. Weinstein, Esq. (JW6133)
                            420 Central Avenue, Ste 301
                            Cedarhurst, New York 11516
                            E-Mail:Jacob@WeinsteinLLP.com
                            Tel:    646-450-3484