

**MEMO ENDORSED**

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MURIEL GOODE-TRUFANT** | **LAW DEPARTMENT** | Yini Zhang |
| *Acting Corporation Counsel* | 100 CHURCH STREET | Senior Counsel |
| | NEW YORK , NEW YORK 10007 | yinzhan@law.nyc.gov |
| | | Phone:  (212) 356-3541 |

October 24, 2024

**By ECF**
Honorable Gary Stein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

*Counsel for Plaintiff is directed to submit a response to the City's request for a stay by no later than **November 4, 2024**. The deadline for Defendants to submit their Answers is adjourned sine die pending the Court's ruling on this matter.*

*Dated: New York, New York*
*October 25, 2024*

SO ORDERED:
HON. GARY STEIN
UNITED STATES MAGISTRATE JUDGE

Re: Golden v. City of New York, et al., ~~24-CV-3165~~ (LAK) (GS)
24-CV-5759

Your Honor:

I am a Senior Counsel in the office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, counsel for defendant City of New York in this action. I write jointly with counsel for co-defendants Alvin L. Bragg, Jr., Nicholas Viorst, and Jana Loeb, Madeleine L. Guilmain, Esq., to request a stay of this action in its entirety, including all corresponding deadlines, for the reasons discussed below. This is the defendants' first request for a stay of this matter. The undersigned has been unable to obtain the position of plaintiff's counsel, Jacob Z. Weinstein, Esq. as to this request.[1]

By way of background, in this action filed on July 30, 2024, plaintiff alleges, inter alia, claims for false arrest and malicious prosecution arising out of events that took place on or about September 3, 2022. The City was served on or about August 1, 2024. However, defendant City has been informed that there is an open investigation as to the underlying incident by the New York City Civilian Complaint Review Board (CCRB) that is still pending. Defendants thus seek an adjournment of all deadlines until 30 days after the resolution of the CCRB investigation.

There are several reasons why the pending CCRB investigation necessitates a stay. First, the outcome of the investigation may affect this office's ability to offer representation to

---

[1] The undersigned reached out to plaintiff's counsel on October 23, 2024 by email and telephone to inquire whether counsel consented to the stay and requested counsel inform me by 3:00 P.M. today of plaintiff's position. According to counsel's voicemail and automatic email response, counsel is out of office from October 16, 2024 until October 28, 2024. As of the filing of this letter, I have not received a response as to plaintiff's position on the stay request.

defendant Shaun Tanner. Before the Corporation Counsel may assume representation of the individual defendant, General Municipal Law § 50-(k) requires this office to conduct an investigation into whether it may represent the officers. See N.Y. Gen. Mun. Law § 50-(k); Mercurio v. City of N.Y., 758 F.2d 862, 864-65 (2d Cir. 1985). Pursuant to § 50-(k)(2), this office must first determine whether an individual employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred. See N.Y. Gen. Mun. Law § 50-(k); see also Mercurio, 758 F.2d at 864-65.

   As a result of the open CCRB investigation, this office cannot determine at this time whether defendant Tanner was acting within the scope of his employment or whether this office can represent him in this action. Best practices would prevent this office even from communicating with the individual defendant member of service (or any other City employee who may have been involved in or was present at the incident) to inquire about the underlying facts. That is, if individual defendant Tanner is found to have violated NYPD procedures, a conflict of interest may arise. Indeed, if this office assumes representation of defendant Tanner before the proceedings are complete, but it later becomes apparent that the defendant was ineligible for representation, the undersigned, and indeed the entire Special Federal Litigation Division, may be unable to continue representation and/or the handling of this litigation. These circumstances may result in significant and undue delay and expenditure of resources.

   Moreover, on information and belief, until the investigation concludes, all parties will have limited access to information regarding the underlying incident. Further, any relevant materials generated by the CCRB during the investigation, such as witness interviews and statements and other documents gathered by CCRB during the course of the investigation, will be unavailable because they are protected from disclosure by the law enforcement privilege, which was created, inter alia, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation. See Nat'l Congress for Puerto Rican Rights v. City of N.Y., 99-cv-1694 (SAS), 2000 U.S. Dist. LEXIS 4448, at **5-6 (S.D.N.Y. Apr. 7, 2000) (citing In re Dep't of Inv., 856 F.2d 481, 484 (2d Cir. 1998)). Certain documents may also be protected from disclosure during the investigation's pendency by the deliberative process privilege. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (noting that inter-agency or intra-agency documents that are both pre-decisional and deliberative may be subject to the deliberative process privilege).

   Without access to the CCRB investigatory records or the ability to interview the defendant officer, defendant City would be unable to conduct an investigation of the underlying incident, respond effectively to the complaint, discovery, or court conferences, or otherwise prepare a defense and move forward with this case. We anticipate that those records will be useful to both sides in preparing their cases and assessing this matter for the purposes of an early resolution. Consequently, should a stay be denied, and should this action therefore proceed concurrently with the CCRB investigation, all parties will experience a deficit of information that will be available once the investigation concludes. At a minimum, should this action proceed concurrently with the CCRB investigation, all parties will expend significant resources duplicating the investigative efforts currently being undertaken by CCRB.

Finally, plaintiff will not be prejudiced by a temporary stay. This matter arises from an incident that are alleged to have taken place on September 3, 2022, and there is ample time on the three-year federal limitations period and the one-year-and ninety-day period allowed under New York State law. Any possible prejudice to plaintiff as a result of the passage of time would be far outweighed by the fact that CCRB is investigating the incident without interference and preserving relevant evidence. CCRB investigators will likely gather relevant documents and information, thereby streamlining discovery for all parties, including plaintiff.

Based on the foregoing, defendants respectfully request that the Court (i) order this action stayed until 30 days after the resolution of the CCRB investigation, and (ii) adjourn <u>sine die</u> all deadlines in this case, pending the conclusion of the ongoing CCRB investigation. With the Court's approval, the City is prepared to provide the Court with periodic updates as to the status of the investigation until it has been concluded.

Alternatively, defendants ask that the Court grant a 30-day enlargement of time to answer or otherwise respond to the Complaint from October 28, 2024 to November 27, 2024, and that the Court <u>sua sponte</u> grant the same extension for defendant Tanner to respond so as to afford time in which to address representational issues and so that he may, if necessary, arrange for private counsel who may respond on his behalf.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/ *Yini Zhang*

Yini Zhang
Senior Counsel
Special Federal Litigation Division

cc:  Jacob Z. Weinstein, Esq. (By ECF)
     *Attorney for Plaintiff*

     Madeleine L. Guilmain, Esq. (By ECF)
     *Attorney for Defendants Bragg, Viorst, and Loeb*