UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------ X
WARREN GOLDEN,

                    Plaintiff,

        - against -

CITY OF NEW YORK, et al.,

                    Defendants.

------------------------------------------------------------------------------ X

24 Civ. 5759 (LAK) (GS)

ORDER

**GARY STEIN, United States Magistrate Judge:**

       Having reviewed the City's submission and Plaintiff's response (Dkt. Nos. 19 & 21), and having heard oral argument from the parties at today's conference, the Court **DENIES** the City's motion for a stay pending completion of the CCRB investigation. A party seeking a stay "bears the burden of establishing its need," and "[a]bsent a showing of undue prejudice" to defendant, "there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) (citations omitted). The City has failed to meet its burden here.

       Courts have generally denied requests by the City for a stay in like circumstances. *See, e.g., Morales v. City of N.Y.*, No. 24 Civ. 1866 (HG) (E.D.N.Y. 2024) (text order dated June 7, 2024); *Saint-Fort v. City of N.Y.*, No. 22 Civ. 6879 (NRM) (MMH), 2023 WL 2771606 (E.D.N.Y. Apr. 4, 2023); *Lester v. City of N.Y.*, No. 21 Civ. 6877 (JPC) (RWL) (S.D.N.Y. 2021) (Dkt. No. 36); *Franks v. City of N.Y.*, No. 16 Civ. 9938 (ER), 2017 WL 5624280 (S.D.N.Y. Nov. 21, 2017). The City's argument here is, if anything, weaker than it was in those cases. As stated during the conference, the City cannot even say whether Defendant Tanner is a subject of the

CCRB investigation, or whether the CCRB's investigation concerns the IAB investigation of the September 3, 2022 incident (in which investigation Tanner was involved) or the September 3, 2022 incident itself (in which Tanner was not involved).  Whether the existence of the CCRB investigation will pose any genuine impediment to Corporation Counsel's ability to determine whether it may appropriately represent Defendant Tanner in this case is, therefore, a matter of speculation.  Indefinitely staying this action pending completion of the CCRB investigation is, in any event, "not the only solution to that problem, nor the most appropriate one."  *Saint-Fort*, 2023 WL 2771606, at *3.  Separate counsel can be found for Defendant Tanner on an interim basis while Corporation Counsel determines whether it can represent him under N.Y. Gen. Mun. L. § 50-k(2).  *Id.; see also Lester*, 21 Civ. 6877, Dkt. No. 36, at 3 ("Defense counsel's conflict concern is obviated by Officer Gallagher's ability to retain independent defense counsel.").  Although the City cited *Baldemora v. City of N.Y.*, No. 23 Civ. 10549 (KPF) (S.D.N.Y. 2023) as an example of a stay being granted pending a CCRB investigation, in that case the plaintiff consented to the stay.  (*Id.*, Dkt. No. 9).

The Court, however, grants the request of both the City and Defendants Bragg, Viorst, and Loeb for an extension of time to answer or otherwise respond to the Complaint.  As discussed during the conference, the time for these Defendants, as well as Defendant Tanner, to answer or otherwise respond to the Complaint is extended to **December 18, 2024**.  If any Defendant files a motion to dismiss, Plaintiff's opposition brief shall be due by **January 15, 2025**, and any reply brief shall be due by **January 29, 2025**.

**SO ORDERED.**

DATED:   New York, New York
         November 18, 2024

_____
The Honorable Gary Stein
United States Magistrate Judge